IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michelle O'Bryant,
Administrator of the
Estate of Roger A. Kellough,

    Plaintiff,

  v.                              Case No. 2:14-cv-618

Hopewell Health
Centers, et al.,

    Defendants.

OPINION AND ORDER

    This is a medical malpractice action brought by Michelle O'Bryant, as the administrator of the estate of Roger A. Kellough, against Hopewell Health Centers, Inc., Family Healthcare, Inc., and John Ucci, M.D.  The complaint was originally filed in the Court of Common Pleas of Ross County, Ohio, on March 4, 2014.  On June 26, 2014, the United States of America filed a notice of removal of the action to this court.  The United States indicated that on January 1, 2012, defendant Family Healthcare, Inc. (n/k/a Hopewell Health Centers) had been deemed by the Department of Health and Human Services to be an employee of the Public Health Service pursuant to 42 U.S.C §233, and that Family Healthcare, Inc., and John Ucci, M.D., an employee of Family Healthcare, Inc., were deemed to be employees of the Public Health Service at the time of the alleged incident which formed the basis for this action.  Doc. 1, ¶¶ 2 and 3.  The notice of removal further stated that plaintiff's exclusive remedy is an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b) and 2671-2680.  Doc. 1, ¶ 5.

This matter is before the court on the unopposed motion of the United States to dismiss the complaint for lack of subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies under the FTCA.  Prior to filing a complaint under the FTCA, a plaintiff must exhaust administrative remedies.  28 U.S.C. §2675(a).  This exhaustion requirement is jurisdictional. Bumgardner v. United States, 469 F.App'x 414, 417 (6th Cir. 2012)(citing Joelson v. United States, 86 F.3d 1413, 1422 (6th Cir. 1996)).  The United States indicates that plaintiff filed an administrative claim with the Department of Health and Human Services on February 25, 2014, but that there has been no final denial of that claim.  Denial of an administrative claim is statutorily presumed if six months pass without action on a properly filed administrative claim. 28 U.S.C. §2675(a). However, the six months has not run in this case.  Even if the time were permitted to run, the Sixth Circuit has held that a district court would still lack subject matter to hear a plaintiff's FTCA claim if the claim was not yet ripe when the complaint was filed, and that dismissal in such a case would be appropriate.  See Harris v. City of Cleveland, 7 F.App'x 452, 458-59 (6th Cir. 2001).

Because plaintiff has not yet exhausted her administrative remedies, this court lacks subject matter jurisdiction in this case.  The motion to dismiss (Doc. 6) is granted, and this action is dismissed without prejudice.

Date: August 12, 2014            s/James L. Graham
                                 James L. Graham
                                 United States District Judge

2